# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RUDY FERNANDO CHAVEZ JUNIOR,

      Plaintiff,

vs.                            No. CV 17-0177 RB/KRS

TIMOTHY HATCH, MATHEW MONTOYA,
CASSIE HARBOUR, WARDEN BROWN,
SGT GONZALES DHO, CPT GRICE,
SGT SHRINER, LT JONES,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Rudy Fernando Chavez Junior on February 2, 2017 ("Complaint"). (Doc. 1.) The Court will dismiss Chavez's Complaint for failure to state a claim for relief, but will grant Chavez leave to file an amended complaint within 30 days.

### *1. Standards for Failure to State a Claim*

Plaintiff Chavez is proceeding pro se and *in forma pauperis* on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts

1

alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cty.,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall*, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004).

## 2. *Claims for Relief Under 42 U.S.C. § 1983*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

Generalized allegations against "defendants" or "officers," without identification of individual actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Id.*

To state a claim against a supervisory official, it is not enough for a plaintiff to make indefinite allegations that a defendant was in charge of other state actors who actually committed the violation. Instead, the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights. *Serna v. Colo. Dep't. of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006). To impose § 1983 liability the plaintiff must establish the supervisor's subordinates violated the Constitution as well as an affirmative link between the supervisor and the violation. *Id.* To meet this "affirmative link" requirement a Plaintiff must show: (1) personal involvement by the supervisor, (2) sufficient causal connection between the supervisor's personal involvement and the constitutional violation, and (3) a culpable state of mind on the part of the supervisor. A plaintiff may establish the defendant-supervisor's personal involvement by demonstrating his personal participation in the constitutional violation, his actual exercise of control or direction over the officials in the commission of the violation, his failure to supervise, or his knowledge of the violation and acquiescence in it. *Poolaw v. Marcantel*, 565 F.3d 721, 732–33 (10th Cir. 2009); *Jenkins v. Wood*, 81 F.3d 988, 995 (10th Cir. 1996). A defendant supervisor's promulgation, creation, implementation, or utilization of a policy that caused a deprivation of plaintiff's rights also may constitute sufficient personal involvement. *See Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). A plaintiff then must establish the requisite causal connection by showing the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of his constitutional rights. *Poolaw*, 565 F.3d at 732–33; *see also*, *Snell v. Tunnell*, 920 F.2d 673, 700

(10th Cir. 1990). Last, the plaintiff is required to show the supervisor had a culpable state of mind, meaning "the supervisor acted knowingly or with 'deliberate indifference' that a constitutional violation would occur." *Serna*, 455 F.3d at 1151, 1154. *Dodds v. Richardson*, 614 F.3d 1185, 1194–96 (10th Cir. 2010).

### 3. *Chavez's Complaint Fails to State a Claim for § 1983 Relief*

Applying the § 1915(e)(2)(B) and Rule 12(b)(6) standards, the original Complaint filed by Chavez fails to state a claim for relief under § 1983. Chavez claims:

> "On August 31st I was placed in a dry cell for 3 days. I completely complied with Corrections Officers an provided them stool samples at their request as well as urin. [sic] There was never any contraband discovered in the stool samples nor the urin. [sic] However I was still charged for possession with no tangible evidence. When I questioned the integrity of the claim of dangerous drugs I was denied my right to due process an held accountable on these trumped up charges. It is pure harassment that these charges are still being persued. [sic] An [sic] this is not the first time NENMDF has harassed plaintiff as well as other inmates under same circumstances."

(Doc. 1 at 2.) Plaintiff's Request for Relief states:

> "I would like to receive all the privileges that were taken from me back, also monitary [sic] compensation for pain and suffering. Also I want all Defendants to be held accountable for their actions an [sic] either sanctioned or removed from employment at N.E.N.M.D.F. and for this harassment to be stopped."

(*Id.* at 7.) Chavez names several individuals as Defendants and identifies the positions at Northeastern New Mexico Detention Facility. (*Id.* at 1–4.) However, Chavez does not identify what any of those individuals actually did that he claims violated the Constitution. *Iqbal*, 556 U.S. at 676. He does not make clear exactly *who* is alleged to have done *what to whom*, or how those actions constituted a violation of his constitutional rights. *Robbins*, 519 F.3d at 1249–50. Chavez's Complaint fails to state a claim for relief against any identified individual. *Fogarty*, 523 F.3d at 1162.

Plaintiff Chavez attaches several documents to his Complaint. (Doc. 1 at 9–26.) Chavez also makes generalized references to "Defendants." (*Id.* at 7.) However, the Court is not obligated to search through the attachments and craft legal theories for the plaintiff or to supply factual allegations of individualized conduct to support the plaintiff's claims. *Hall*, 935 F.2d at 1110. The Court will dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).

### 4. *Chavez Will Be Granted Leave to Amend*

The Court will grant Chavez a reasonable opportunity to remedy defects in his pleading. *Reynoldson*, 907 F.2d at 126. Plaintiff Chavez will have 30 days from the date of entry of this Order in which to file an amended complaint. Plaintiff's amended complaint should be concise and must allege some personal involvement by identified officials in the alleged constitutional violation to succeed under § 1983. *Fogarty*, 523 F.3d at 1162. Generalized allegations against "defendants" or "officers," without identification of actors and their individual conduct allegedly causing the deprivation of a constitutional right, will not state any claim for relief. *Robbins*, 519 F.3d at 1249–50.

The amended complaint must state the facts of each separate claim and why Plaintiff believes his constitutional rights were violated. He should include identities of individual defendants and their official positions, a description of their actions, and relevant dates, if available. *See Meade*, 841 F.2d at 1522. To the extent he seeks to hold a supervisor liable, he must allege facts showing personal involvement by the supervisor, causal connection, and a culpable state of mind. *Serna*, 455 F.3d at 1151. If Plaintiff fails to file an amended complaint or files an amended complaint that does not comply with these directions, the Court may dismiss this action with prejudice and without further notice.

### 5. *The Court will Deny Plaintiff's Pending Motions*

Plaintiff Chavez has filed two pending motions. The first is a Motion for Appointment of Counsel. (Doc. 3.) The Court will deny the Motion. There is no right to appointment of counsel in a civil rights case. Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). In determining whether to appoint counsel, the district court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). The Court has reviewed the complaint and subsequent filings in light of the foregoing factors. Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995). Accordingly, the Court will deny the Motion for Appointment of Counsel.

Plaintiff's second motion is a Petition for Injunctive Relief. (Doc. 5.) In his Petition, Chavez makes generalized allegations that he "fear[s] for my over all safety because of the pending law suit against staff member" and "[is] not treated fairly here at North Eastern New Mexico Detention Facility." He seeks a court order directing his "transfer to another prison." (*Id.*) A preliminary injunction is an extraordinary remedy and is generally disfavored. *Attorney Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009). The party seeking a preliminary injunction must show: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010).

Plaintiff Chavez fails to make a showing of the elements necessary for a preliminary injunction. He does not demonstrate a likelihood that he will succeed on the merits of his Complaint, and his generalized allegation that he fears for his overall safety is speculative and does not rise to the level of irreparable harm in the absence of preliminary relief. *Little*, 607 F.3d at 1251. The Court will deny Plaintiff's Petition for Injunctive Relief.

**IT IS ORDERED:**

(1) the Motion for Appointment of Counsel filed by Plaintiff Chavez (Doc. 3) is DENIED;

(2) the Petition for Injunctive Relief filed by Plaintiff Chavez (Doc. 5) is DENIED;

(3) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Rudy Fernando Chavez Junior on February 2, 2017 (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim on which relief can be granted; and

(3) Plaintiff is granted 30 days from the date of entry of this Memorandum Opinion and Order to file an amended complaint.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE