# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

RUDY FERNANDO CHAVEZ JUNIOR,

      Plaintiff,

vs.                                   No. CV 17-0177 RB/KRS

TIMOTHY HATCH, MATHEW MONTOYA,
CASSIE HARBOUR, WARDEN BROWN,
SGT GONZALES DHO, CPT GRICE,
SGT SHRINER, LT JONES,

      Defendants.

## MEMORANDUM OPINION AND FINAL ORDER OF DISMISSAL

**THIS MATTER** is before the Court *sua sponte* on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Rudy Fernando Chavez Junior on February 2, 2017. (Doc. 1.) The Court previously dismissed the Complaint without prejudice for failure to state a claim and afforded Chavez the opportunity to amend to state a claim for relief. (Doc. 13.) Chavez has not filed an amended complaint or otherwise responded to the Court's prior Memorandum Opinion and Order. The Court will now dismiss Chavez's Complaint, with prejudice, for failure to state a claim for relief and failure to prosecute, and will impose a "strike" under 28 U.S.C. § 1915(g).

*1. <u>Failure to State a Claim:</u>* Plaintiff Chavez is proceeding pro se and *in forma pauperis* on his civil rights claims under 42 U.S.C. § 1983. The Court may dismiss an *in forma pauperis* complaint for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Rule 12(b)(6) the Court accepts well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters

1

outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570; *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Under § 1915(e)(2)(B) the Court may dismiss the complaint if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(2). The authority granted by § 1915 permits the court the power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). *See also Hall*, 935 F.2d at 1109. The Court is not required to accept the truth of the plaintiff's allegations but may go beyond the pleadings and consider any other materials filed by the parties. *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Although the Court liberally construes the factual allegations, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the applicable rules of court. *Northington v. Jackson*, 973 F.2d 1518, 1520–21 (10th Cir. 1992); *Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims, nor may the Court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

***2.  Chavez's Complaint Fails to State a Claim for § 1983 Relief:*** The Court has previously determined that Chavez's Complaint fails to state a claims for relief. (Doc. 13.) To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United

States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). A plaintiff's complaint must "make clear exactly *who* is alleged to have done *what to whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Generalized allegations against "defendants" or "officers," without identification of individual actors and conduct that caused the deprivation of a constitutional right, do not state any claim for relief. *Robbins*, 519 F.3d at 1249–50.

As the Court has determined, the original Complaint filed by Chavez fails to state a claim for relief under the § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6) standards. Chavez claims:

> On August 31st I was placed in a dry cell for 3 days. I completely complied with Corrections Officers an [sic] provided them stool samples at their request as well as urin. [sic] There was never any contraband discovered in the stool samples nor the urin. [sic] However I was still charged for possession with no tangible evidence. When I questioned the integrity of the claim of dangerous drugs I was denied my right to due process an [sic] held accountable on these trumped up charges. It is pure harassment that these charges are still being persued. [sic] An [sic] this is not the first time NENMDF has harassed plaintiff as well as other inmates under same circumstances.

(Doc. 1 at 2.) Plaintiff's Request for Relief states:

> I would like to receive all the privileges that were taken from me back, also monitary [sic] compensation for pain and suffering. Also I want all Defendants to be held accountable for their actions an [sic] either sanctioned or removed from employment at N.E.N.M.D.F. and for this harassment to be stopped.

Doc. 1 at 7.) Plaintiff Chavez attaches documents to his Complaint and makes generalized references to "Defendants." (Doc. 1 at 7, 9–26.) Although he names several individuals and identifies the positions at Northeastern New Mexico Detention Facility, he does not identify any

3

individual conduct that violated the Constitution. (Doc. 1 at 1–4.) *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Robbins*, 519 F.3d at 1249–50.

Chavez's Complaint fails to state a claim for relief against any identified individual. *Fogarty*, 523 F.3d at 1162. The Court is not obligated to search through his attachments and craft legal theories for him or to supply factual allegations of individualized conduct to support his claims. *Hall*, 935 F.2d at 1110. The Court dismisses the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B).

*3.   Chavez Failed to Amend his Complaint:* The Court granted Chavez a reasonable opportunity to remedy defects in his pleading.  (*See* Doc. 13.) *See also*, *Hall*, 935 F.2d at 1109; *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The Court also notified Chavez that if he failed to file an amended complaint, the Court could dismiss this action with prejudice and without further notice. (Doc. 13 at 6–7). The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to rule 41(b) for failure to prosecute this case.

*4.  The Court Will Impose a § 1915(g) Strike:* When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948).  However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Noting that prisoner suits

represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. *Jones v. Bock*, 549 U.S. 199, 202–04 (2007).

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Because the Court concludes that Chavez's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him under the PLRA § 1915(g). Chavez is notified that if he accrues three strikes, he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Rudy Fernando Chavez Junior on February 2, 2017 (Doc. 1) is **DISMISSED** with prejudice for failure to state a claim on which relief can be granted and failure to prosecute; and

(2) a **STRIKE** is imposed against Plaintiff Chavez under 28 U.S.C. § 1915(g).

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE